IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOHAMMAD RAHMAN d/b/a,<br>7-11 FRANCHISE 11306 and ALVARO<br>T. GRACIAS<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of the<br>U.S. Dept. of Homeland Security;<br>EMILIANO GONZALEZ, Director, U.S.<br>Citizenship and Immigration Services;<br>ROBERT P. WIEMANN, Director,<br>Administrative Appeals Office; PAUL<br>NOVAK, Director U.S. Citizenship and<br>Immigration Services Vermont Service<br>Center.<br><br>    Defendants. | Case No.:_____ |

## PLAINTIFFS' COMPLAINT

**INTRODUCTION**

1.    This action is brought under the Administrative Procedures Act, 5. U.S.C. Sect. 704, seeking judicial review of a final administrative decision rendered by the Administrative Appeals Office denying the I-140 Petition for Alien Worker (hereinafter "I-140") filed by Mohammad Rahman, d/b/a/ 7-11 Franchise 11306 on behalf of Alvaro T. Gracias.

**PARTIES**

2.    Plaintiff Mohammad Rahman is the owner of 7-11 Franchise 11306, a Delaware Corporation engaged in the business of operating an international chain convenience store.

3. Plaintiff Alvaro T. Gracias is a 40 year old citizen and native of India who presently resides at 2617 Grubb Rd. in Wilmington, DE 19180.

4. Defendant Michael Chertoff is Secretary of the U.S. Department of Homeland Security, and this action is being brought against him in his official capacity. He is generally charged with enforcement of the provisions of the Immigration and Nationality Act (hereinafter "INA"), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. *See* 8 U.S.C. § 1103(a). More specifically, the Secretary of the U.S. Department of Homeland Security is responsible for the adjudication of immigrant visa petitions on behalf of alien workers filed pursuant to 8 U.S.C. § 1153(b)(3)(A)(i). The Bureau of U.S. Citizenship and Immigration Services (hereinafter "USCIS") is an agency within the Department of Homeland Security to who the authority of the Secretary of the Department of Homeland Security has in part been delegated, and is subject to Secretary Chertoff's supervision.

5. Defendant Emiliano Gonzalez is the Director of the USCIS, and this action is brought against him in his official capacity. He is generally charged with administration of services under the INA, and is further authorized to delegate such powers and authority to subordinate employees of USCIS. *See* 8 U.S.C. § 113(a)(4). More specifically, the Director of USCIS is responsible for the adjudication of immigrant visa petitions filed pursuant to INA § 203(b)(3)(A)(i). *See* 8 U.S.C. 1153(b)(3)(A)(i). The Administrative Appeals Office is an agency within USCIS to whom the authority of the Director of USCIS has been in part delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

6.      Defendant Robert P. Wieman is the director of the Administrative Appeals Office (hereinafter "AAO") and a USCIS official. He is generally charged with supervisory authority over all AAO operations. *See* 8 C.F.R. § 2.1. As will be shown, Defendant Wiemann is the official who rendered the final administrative decision on the Plaintiffs' I-140.

7.      Defendant Paul Novak is Director of the USCIS Vermont Service Center and a USCIS official. He is generally charged with supervisory authority over all operations of the USCIS Vermont Service Center. As will be shown, Defendant Novak is the official who rendered the initial denial of the Plaintiffs' I-140 and the official who currently maintains the record in this case under 8 C.F.R. § 103.5(a)(1)(iii).

**JURISDICTION**

8.      Jurisdiction in this case is proper under 28 U.S.C. § 1331 and the Administrative Procedure Act. *See* 5 U.S.C. § 704. Relief is requested pursuant to 5 U.S.C. § 704.

**VENUE**

9.      Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, there is no real property involved, and the Plaintiffs reside in the District of Delaware.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.     Plaintiffs have exhausted their administrative remedies. There are no further administrative procedures that the Plaintiffs could avail themselves of to have their claim of statutory eligibility heard.

**FACTS OF THE CASE**

11.     On July 29, 2002, Plaintiff Mohammad Rahman, d/b/a/ 7-11 Franchise 11306, filed an ETA-750 Application for Alien Employment Certification (hereinafter "Form ETA-750") with the U.S. Department of Labor. The Form ETA-750 was approved by the U.S. Department of Labor on March 3, 2003.

12.     On April 22, 2003, as a consequence of the Form ETA-750 approval, Plaintiff Mohammad Rahman, d/b/a/ 7-11 Franchise 11306, filed an I-140 pursuant to 8 U.S.C. § 1153(b)(3)(A)(i) (providing for the granting of preference visa classification to qualified immigrants who are capable of performing skilled labor for which qualified workers are not available in the United States and who have a Form ETA-750 approved by the U.S. Department of Labor). I-485 Applications for Adjustment of Status, were filed with the I-140. (The I-485 applications are filed to obtain U.S Permanent Residency Status for the I-140 beneficiary and qualifying family members).

13.     On September 22, 2004, Defendant Paul Novak in his capacity as the Director of the USCIS Vermont Service Center, denied the I-140 and subsequently denied the I-485 applications for adjustment of status filed pursuant to, and dependent upon, the fate of the I-140 petition. The defendant denied the I-140 because he determined that the evidence submitted in support of the I-140 did not establish that Plaintiff Rahman documented the required continuing "ability to pay" the wage of $745.00 per week, or $38,740.00 per year, to Plaintiff Gracias as of the original date of filing Form ETA-750 with the U.S. Department of Labor. *See* 8 C.F.R. § 204.5(g)(2) (defining ability to pay).

14.     Thereafter, Plaintiff Rahman timely appealed Defendant Novak's denial of the I-140 to the AAO on October 22, 2004. The AAO reviewed and denied the Plaintiffs'

4

appeal on May 26, 2006. The AAO also based its denial of the Plaintiffs' I-140 solely on the ground that the Plaintiff Rahman did not adequately document the "ability to pay" Plaintiff Gracias the offered wage as of the date of filing Form ETA-750.

**CAUSE OF ACTION**

15. The AAO abused its discretion by issuing a decision unsupported by substantial evidence that demonstrates Plaintiff Rahman's ability to pay the proffered annual wage of $38,740.00.

16. The AAO erred by rejecting evidence of "ability to pay" based on actual cash available to Plaintiff Rahman when considering his depreciation deductions.

17. The AAO erred by rejecting evidence of many sources of finance and credit that were available to Plaintiff Rahman including ability to access a personal and a business line of credit, his home equity and value of the franchise as sources of credit and finance funding typically used by small businesses and others to expand business operations and resolve cash flow issues.

18. The AAO erred by improperly rejecting evidence of Plaintiff Rahman's personal assets and net current assets.

19. The AAO erred by inaccurately considering the business' use of the cash basis method of accounting.

20. The AAO erred by improperly rejecting evidence indicating that Plaintiff Gracias would be taking a position vacated by a former employee, namely, the store owner's wife.

21. The AAO erred by improperly ignoring the overall fiscal circumstances of Plaintiff Rahman in the assessment of his ongoing ability to pay Plaintiff Gracias the proffered wage of $38,740.

22. The AAO erred in other ways failing to consider the ability to pay by a national franchise, in business for over nine years, as will be fully discussed in Plaintiff's brief. *See* 5 U.S.C. § 706.

WHEREFORE, in accordance with the Administrative Procedures Act, 5 U.S.C. § 706, the Plaintiffs request judicial review of the final administrative decision of the Administrative Appeals Office denial of their I-140 in accordance with this Court's findings thereafter.

**OBERLY, JENNINGS & RHODUNDA, P.A.**

Dated: July 11, 2007

_/s/ Karen V. Sullivan_
Charles M. Oberly, III (No. 743)
Karen V. Sullivan (No. 3872)
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile

Of Counsel:

David E. Piver
The Law Office of David E. Piver
150 Strafford Ave, Suite 115
Wayne, PA 19087
(610) 975-4599 – Telephone
(610) 687-2100 – Facsimile

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mohammad Rahman d/b/a/ 7-11 Franch. 11306, et al.

(b) County of Residence of First Listed Plaintiff **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) (302) 576-2000
Oberly Jennings & Rhodunda, P.A.
1220 Market Street, Suite 710
Wilmington, DE 19801

## DEFENDANTS
Michael Chertoff, et al.

County of Residence of First Listed Defendant **Wash. DC**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
U.S. Atty. District of DE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Administrative Proc. Act, 5 USC § 706
Brief description of cause: USCIS AAO abused its disc. in denying visa app.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/11/07
SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **07-434**

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.

__7/11/07__
(Date forms issued)

X _Jonathan Durandetta_
(Signature of Party or their Representative)

X _Jonathan Durandetta_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action